IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCELL C. BENNETT, | ) |
| Plaintiff, | ) 8:04cv285 |
| vs. | ) MEMORANDUM AND ORDER |
| DOUGLAS COUNTY, | ) |
| Defendant. | ) |

This matter is before the court on filing no. 26, the Motion to Dismiss filed by the defendant, Douglas County, Nebraska, which operates the Douglas County Correctional Center ("DCCC") where the plaintiff, Marcell C. Bennett, is in custody. The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that the defendant houses federal pretrial detainees pursuant to an agreement with the United States Marshal Service. However, the defendant has a policy or custom of failing to keep those of the detainees who are federal witnesses separate from the prisoners against whom the detainees testify or give information. See also Case No. 8:04cv378, Sterling J. McKoy, II v. Douglas County, and Case No. 8:04cv494, Victor Dwayne Henderson v. Douglas County, similarly alleging injury as a result of the same policy or custom at DCCC.[1] Each plaintiff alleges a custom, policy or practice by DCCC officials of failing to keep federal witnesses separate from those against whom they give evidence while at DCCC, so as to protect the detainees from the obvious risk of injury.

---

[1] In fact, Douglas County has long been on notice concerning the dangers posed to federal pretrial detainees by housing policies at DCCC. See, e.g., Case No. 8:02cv494, John S. Newberry v. Ann O'Connor.

1

The defendant seeks dismissal of the complaint for failure to state a claim on which relief may be granted, Fed. R. Civ. P. 12(b)(6). The plaintiff resists the motion (filing no. 29). A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

In light of that strict standard, filing no. 26, the defendant's Motion to Dismiss, is denied.

SO ORDERED.

DATED this 25th day of April, 2005.

BY THE COURT:


/s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

2